Argued June 4, reversed and remanded June 26,
petition for rehearing denied August 5, 1975

## PINE STREET, INC., *Respondent, v.* OREGON PARAMOUNT CORPORATION, *Appellant.*

537 P2d 72

*Maxwell Donnelly,* Portland, argued the cause for appellant. With him on the briefs were Paul W. Haviland, and Haviland, deSchweinitz & Stark, Medford.

*Ted E. Runstein,* Portland, argued the cause for respondent. With him on the brief were Charles R.

Williamson, and Kell, Alterman, Runstein & Thomas, Portland.

HOWELL, J.

In this suit for a declaratory judgment, the sole dispute between the parties is the meaning of the phrase, "create an integrated real estate development."

The defendant, Oregon Paramount Corporation, is the lessee of three adjoining buildings in downtown Portland: the Paramount Theater, the Heathman Hotel, adjoining the theater on the north, and the Park Haviland Hotel, which is connected to the Heathman by a walkway. Defendant entered into a sublease with plaintiff wherein the defendant leased the Paramount to plaintiff for a period of three years commencing the 15th day of August, 1972. The lease provided:

"ARTICLE X
"CANCELLATION BY LESSOR

"In the event (1) Lessor desires to develop the real property, of which the leased premises are a part, together with adjacent real property, *for the purposes of creating an integrated real estate development* * * * *then Lessor may, upon written notice to Lessee, cause this lease to be canceled* as of the date Lessee's vacation of the premises is required, as specified in such written notice; provided, however, that Lessee shall be entitled to at least 180 days' written notice of cancellation." (Emphasis added.)

The lease also provided:

"It is understood that the rental rate on the leased premises is not an economic rent from the standpoint of the lessor."

Article VIII of the lease states:

"Lessor has the right to use theatre up to six (6) days per year for conventions and allied use

upon five (5) months' written notice to Lessee and Lessee's rental shall be proportionally abated for the period of such use by Lessor."

The defendant desired to make some physical changes in its property and sent the plaintiff a notice of cancellation pursuant to Article X above. The notice stated that defendant planned to change the theater so that it could be used "not only for entertainment purposes as present but also be used as a banquet and convention facility and thereby make it possible for us to bid conventions in the hotel which we cannot now do." The plaintiff refused to accept the notice of cancellation, contending that the proposed physical changes did not constitute an "integrated real estate development" and therefore the lease was not subject to cancellation.

Plaintiff filed this suit for declaratory judgment seeking an interpretation of the phrase "create an integrated real estate development." Defendant filed a counterclaim seeking damages for delays in the contemplated construction because of plaintiff's refusal to recognize the notice of cancellation. The trial court found that the proposed changes did not constitute an integrated real estate development, and entered a judgment holding that the notice of cancellation was invalid and awarding the plaintiff attorney fees.

The parties agree that the phrase, "integrated real estate development," is clear and unambiguous and also agree that plaintiff's suit should be construed as a suit in equity.

According to the defendant, his plans were to integrate the Paramount with the two hotels as a convention facility. The defendant argues that the lease shows that the theater was rented to plaintiff at an uneconomic rental and that the cancellation clause was inserted so that defendant could put the premises to a higher and better use of the property. Defendant

contends that the integration of the three buildings to provide convention facilities for the hotel is such higher and better use. He planned to change the entrance to the Heathman Hotel, enlarge the Heathman Hotel kitchen, and connect that portion of the hotel with the theater. He also planned to replace the existing sloping floor and fixed seats in the theater with terraced floors suitable for movable chairs and tables so that food and beverages could be sold.

The word "create" has been defined in Webster's Third New International Dictionary as "bring into existence; to produce along new * * * lines; to design." The word "develop" is also defined in the same dictionary as "to make available or usable; to expand by a process of growth." The word "integrate" is defined as "to combine to form a more complete, harmonious or coordinated entity; to unite with something else."

It is our conclusion that the combining of the theater facilities with the hotels to provide convention facilities for the hotels constituted an "integrated real estate development." We find that the defendant's plans constitute a "development," that he intended to integrate his three real property holdings into a hotel complex with enlarged meeting facilities. To that extent defendant "created" a new hotel-convention complex.[1]

Reversed and remanded for further proceedings consistent with this opinion.[2]

---

[1] The plaintiff argues that the defendant has been allowed—according to the provisions of the lease—to use the theater for convention purposes and that the plaintiff has made substantial improvements to the theater. We do not believe these arguments are relevant to the basic question: did defendant's plans constitute an integrated real estate development? If they did, defendant was entitled to terminate the lease after notice.

[2] The parties stipulated that defendant's counterclaim would be held in abeyance until a determination of the initial issue regarding defendant's right to cancel the lease.